**COMP**
**DANIEL S. SIMON, ESQ.**
Nevada Bar #004750
**BENJAMIN J. MILLER, ESQ.**
Nevada Bar #010406
**SIMON LAW**
810 South Casino Center Boulevard
Las Vegas, Nevada 89101
Telephone (702) 364-1650
Facsimile (702) 364-1655
lawyers@simonlawlv.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GEORGE HARRIS              )
                           )
    Plaintiff,             )
                           )
vs.                        )   CASE NO.
                           )
UNITED STATES OF AMERICA   )
                           )
                           )
    Defendant.             )
                           )
_____)

COME NOW Plaintiff, GEORGE HARRIS, by and through his attorneys, DANIEL S. SIMON, ESQ., and BENJAMIN J. MILLER, ESQ. of SIMON LAW, and for cause of action against the Defendants, and each of them, allege as follows:

**I.**

**JURISDICTION**

1. This action is brought pursuant to the Federal Torts Claims Act, 28 U.S.C. §1346(b), 2671 *et seq.*, which vests exclusive subject matter jurisdiction of Federal Torts Claims litigation in the Federal District Court.

2. Plaintiff submitted an Administrative Claim for the claim set forth below to the Office of General Counsel, Torts Law Group, for the Department of Veterans Affairs on May 6, 2021.

/ / /

/ / /

3. As six months has elapsed with no response from the Office of General Counsel for the U.S. Department of Veterans Affairs, the claims were denied by operation of law and, therefore, all conditions precedent to a Federal Torts Claims Act have been met.

4. Venue is properly within this District under 28 U.S.C. § 1402(b) and 28 U.S.C. §§ 1392(b)(2) and 1392(e)(1) as the acts complained of occurred in the District of Nevada.

## II.

## PARTIES

5. That all times relevant hereto, Plaintiff GEORGE HARRIS was and now is a resident of County of Clark, State of Nevada.

6. Upon information and belief, at all times relevant hereto, the UNITED STATES OF AMERICA (hereafter "UNITED STATES") through its agent, the UNITED STATES DEPARTMENT OF VETERANS AFFAIRS (hereafter "VA"), is an appropriate defendant under the Federal Torts Claims Act.

7. That at all relevant times hereto, RN MICHAEL MALLORY was an employee of Defendant UNITED STATES' agent, the VA, and Defendant is vicariously liable for the acts of RN MICHAEL MALLORY and/or its employees. Defendant UNITED STATES, through its agent, the VA, has fully authorized, approved and ratified the conduct of RN MICHAEL MALLORY.

8. That at all relevant times hereto, RN MIDYORRI DAMALERIO was an employee of Defendant UNITED STATES' agent, the VA, and Defendant is vicariously liable for the acts of RN MIDYORRI DAMALERIO and/or its employees. Defendant UNITED STATES, through its agent, the VA, has fully authorized, approved and ratified the conduct of RN MIDYORRI DAMALERIO.

9. That at all relevant times hereto, ICT PETER SHUBIN was an employee of Defendant UNITED STATES' agent, the VA, and Defendant is vicariously liable for the acts of ICT PETER SHUBIN and/or its employees. Defendant UNITED STATES, through its agent, the VA, has fully authorized, approved and ratified the conduct of ICT PETER SHUBIN.

///

///

### III.

### FIRST CAUSE OF ACTION - MEDICAL NEGLIGENCE

10. Plaintiff repeats and realleges all preceding paragraphs and incorporates same by reference as though they were fully set forth at length herein.

11. That at all times relevant hereto, RN MICHAEL MALLORY was, and now is, a practicing nurse and holding himself out to the general public as duly licensed to practice his profession under and by virtue of the laws of the State of Nevada, including, but not limited to, Chapter 632 of the Nevada Revised Statutes, and was and is a resident of the County of Clark, State of Nevada.

12. That at all times relevant hereto, RN MIDYORRI DAMALERIO was, and now is, a practicing nurse and holding herself out to the general public as duly licensed to practice her profession under and by virtue of the laws of the State of Nevada, including, but not limited to, Chapter 632 of the Nevada Revised Statutes, and was and is a resident of the County of Clark, State of Nevada.

13. That at all times relevant hereto, ICT PETER SHUBIN was, and now is, a practicing intermediate care technician and was and is a resident of the County of Clark, State of Nevada.

14. That all times relevant hereto, RN MICHAEL MALLORY, RN MIDYORRI DAMALERIO and ICT PETER SHUBIN were employees, independent contractors, and/or agents of Defendant UNITED STATES OF AMERICA, through its agent, the VA, at the VA's facility, the NORTH LAS VEGAS VA MEDICAL CENTER, that was licensed to provide health care to persons in Clark County, Nevada, including Plaintiff.

15. That on or about May 8, 2020, at approximately 1:00 a.m., Plaintiff GEORGE HARRIS went to the Emergency Room at Defendant's health care facility, the North Las Vegas VA Medical Center, because he could not urinate and was only passing blood. A bladder scan was done and a catheter was ordered to drain Plaintiff's bladder and provide continuous bladder irrigation. At approximately 2:17 a.m., RN MICHAEL MALLORY, RN MIDYORRI DAMALERIO and ICT PETER SHUBIN attempted to place the catheter in order to drain Plaintiff's bladder and provide continuous bladder irrigation. However, at this time, Defendants' employees RN MICHAEL

MALLORY, RN MIDYORRI DAMALERIO and ICT PETER SHUBIN improperly placed the catheter and inflated the balloon in Plaintiff's prostatic urethra, causing severe trauma to Plaintiff's prostatic urethra, thus requiring surgical intervention.

16. As result of Defendants' agents, employees or servants' acts and/or failure to act in rendering treatment to Plaintiff GEORGE HARRIS, Plaintiff suffered severe, disabling and permanent injuries.

17. That RN MICHAEL MALLORY, RN MIDYORRI DAMALERIO and ICT PETER SHUBIN were negligent and/or reckless and failed to exercise that degree of skill, care and diligence as is reasonable and ordinary for members in the medical profession who are engaged in the practice on a professional level such as that in which they were then engaged, and fell below the standard of care in the community when they performed the treatment as herein alleged. Defendant UNITED STATES OF AMERICA is vicariously liable for the acts of RN MICHAEL MALLORY, RN MIDYORRI DAMALERIO and ICT PETER SHUBIN. Defendant UNITED STATES, through its agent, the VA, has fully authorized, approved and ratified the conduct of RN MICHAEL MALLORY, RN MIDYORRI DAMALERIO and ICT PETER SHUBIN.

18. That as a direct and proximate result of the negligent, intentional and/or reckless conduct of any or all Defendants' employees, RN MICHAEL MALLORY, RN MIDYORRI DAMALERIO and ICT PETER SHUBIN, Plaintiff GEORGE HARRIS was exposed to an unreasonable risk of harm and, as a direct and proximate result of any or all Defendants' employees' conduct and/or failure to act, GEORGE HARRIS incurred substantial medical expenses and has experienced, great pain, suffering, anxiety, loss of enjoyment of life and severe emotional distress, and will be permanently and partially damaged for the remainder of his natural life.

19. That as a direct and proximate result of the intentional, negligent and/or reckless conduct of the Defendant's employees, RN MICHAEL MALLORY, RN MIDYORRI DAMALERIO and ICT PETER SHUBIN, as aforesaid, GEORGE HARRIS has incurred medical expenses in an amount in excess of $15,000.00.

///

///

20. As a direct and proximate result of the intentional, negligent and/or reckless conduct of the Defendant's employees, RN MICHAEL MALLORY, RN MIDYORRI DAMALERIO and ICT PETER SHUBIN, and each of them, as aforesaid, Plaintiff GEORGE HARRIS has suffered great physical and mental pain, suffering, anxiety, loss of enjoyment of life, severe emotional distress, mental anguish, permanent disfigurement and permanent disability all to his damage in excess of $15,000.00.

21. That as a direct and proximate result of the intentional, negligent and/or reckless conduct of the Defendant's employees, RN MICHAEL MALLORY, RN MIDYORRI DAMALERIO and ICT PETER SHUBIN, as aforesaid, Plaintiff GEORGE HARRIS was unable to be gainfully employed as a result of his injuries and has lost income and earning capacity, past and future, in an amount to be determined at trial.

22. In an effort to escape responsibility for their acts and/or failure to act, Defendant's employees, RN MICHAEL MALLORY, RN MIDYORRI DAMALERIO and ICT PETER SHUBIN, have failed to accurately report the events that occurred under their care.

23. It has been necessary for the Plaintiff herein to retain the services of an attorney to prosecute this action, and Plaintiff is entitled to reasonable attorneys fees, interest and costs.

24. In support of Plaintiff's claims asserted herein, please see the Affidavits and Curriculum Vitae of urologist Dudley Danoff, MD, FACS, and Rachel Connor, MSN, FNP-C, RN, attached respectively as **Exhibits 1 and 2.**

### IV.

### SECOND CAUSE OF ACTION - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25. Plaintiff repeats and realleges all preceding paragraphs and incorporates same by reference as though they were fully set forth at length herein.

26. The acts of the Defendant's employees, RN MICHAEL MALLORY, RN MIDYORRI DAMALERIO and ICT PETER SHUBIN, and each of them, were extreme and outrageous and were carried on with a reckless disregard for the rights of Plaintiff and/or were intended to cause the Plaintiff GEORGE HARRIS severe emotional distress and did, in fact, cause the Plaintiff severe

Page 5

emotional distress, proximately causing the damages and injuries herein alleged in a sum in excess of $15,000.00.

27. It has been necessary for the Plaintiff herein to retain the services of an attorney to prosecute this action and Plaintiff is entitled to reasonable attorney's fees, interest and costs.

## V.

## THIRD CAUSE OF ACTION - NEGLIGENT CREDENTIALING, HIRING, TRAINING, SUPERVISION & RETENTION

28. Plaintiff repeats and realleges all preceding paragraphs and incorporates same by reference as though they were fully set forth at length herein.

29. That Defendant UNITED STATES OF AMERICA, through its agent, the VA, had a duty to exercise due care in its dealings with the Plaintiff and in the credentialing, selection, training, supervision, oversight, direction, retention and control of its employees, physicians, nurses and/or agents, including RN MICHAEL MALLORY, RN MIDYORRI DAMALERIO and ICT PETER SHUBIN.

30. That Defendant UNITED STATES OF AMERICA, through its agent, the VA, breached that duty by failing to properly credential, review, select and by hiring, training, supervising and retaining its employee Nurses and/or its agents, including RN MICHAEL MALLORY, RN MIDYORRI DAMALERIO and ICT PETER SHUBIN, even though Defendant UNITED STATES OF AMERICA, through its agent, the VA, knew, or should have known, of Defendant employees and/or agents, including RN KELLY MARTIN; and RN TIFFANY LEWIS's dangerous propensities.

31. That Defendant UNITED STATES OF AMERICA's breach was the legal and proximate cause of Plaintiff's injuries and damages, and Plaintiff suffered damages as a result thereof in excess of $15,000.00.

32. It has been necessary for the Plaintiff herein to retain the services of an attorney to prosecute this action and Plaintiff is entitled to reasonable attorney's fees, interest and costs.

///

///

## VI.

## FOURTH CAUSE OF ACTION - MEDICAL BATTERY

33. Plaintiff repeats and realleges all preceding paragraphs and incorporates same by reference as though they were fully set forth at length herein.

34. That on or about May 8, 2020, at approximately 1:00 a.m., Plaintiff GEORGE HARRIS went to the Emergency Room at Defendant's health care facility, the North Las Vegas VA Medical Center, because he could not urinate and was only passing blood. A bladder scan was done and a catheter was ordered to drain Plaintiff's bladder and provide continuous bladder irrigation. Plaintiff consented to the catheter being inserted. However, at approximately 2:17 a.m., RN Defendants' employees RN MICHAEL MALLORY, RN MIDYORRI DAMALERIO and ICT PETER SHUBIN placed the catheter and inflated the balloon in Plaintiff's prostatic urethra, causing severe trauma to Plaintiff's prostatic urethra, thus requiring surgical intervention. Plaintiff did not consent to having the catheter placed and a balloon inflated within his prostatic urethra, and Defendants' employees' conduct was an intentional and offensive touching of Plaintiff who had not consented to it.

35. As result of Defendants' employees RN MICHAEL MALLORY, RN MIDYORRI DAMALERIO and ICT PETER SHUBIN placing the catheter and inflating the balloon in Plaintiff's prostatic urethra, Plaintiff suffered severe, disabling and permanent injuries in excess of $15,000.00.

36. That as a direct and proximate result of the negligent, intentional and/or reckless conduct of any or all Defendants' employees, RN MICHAEL MALLORY, RN MIDYORRI DAMALERIO and ICT PETER SHUBIN, Plaintiff GEORGE HARRIS was exposed to an unreasonable risk of harm and, as a direct and proximate result of any or all Defendants' employees' conduct and/or failure to act, GEORGE HARRIS incurred substantial medical expenses and has experienced, great pain, suffering, anxiety, loss of enjoyment of life and severe emotional distress, and will be permanently and partially damaged for the remainder of his natural life.

37. That Defendant's employee's battery of Plaintiff was the legal and proximate cause of Plaintiff's injuries and damages, and Plaintiff suffered damages as a result thereof in excess of $15,000.00.

38. It has been necessary for the Plaintiff herein to retain the services of an attorney to prosecute this action, and Plaintiff is entitled to reasonable attorneys fees, interest and costs.

39. In support of Plaintiff's claims asserted herein, please see the Affidavits and Curriculum Vitae of urologist Dudley Danoff, MD, FACS, and Rachel Connor, MSN, FNP-C, RN, attached respectively as **Exhibits 1 and 2.**

**WHEREFORE**, Plaintiff prays for Judgment against the Defendants as follows:

1. For a sum in excess of $121,734.87 for past medical expenses and treatment;
2. For a sum in excess of $15,000.00 for future medical expenses and treatment;
3. For a sum in excess of $15,000.00 for past pain, suffering, anxiety, loss of enjoyment of life, severe emotional distress, mental anguish, disfigurement, permanent disability, and general damages;.
4. For a sum in excess of $1,625,550.00 for past and future loss of income and loss of earning capacity.
5. For a sum in excess of $15,000.00 for intentional infliction of emotional distress damages;
6. For a total sum not to exceed $6,500,000.00 for all the foregoing damages alleged;
7. For reasonable attorney's fees, interest and costs of suit; and
8. For such other and further relief as the Court may deem just and proper.

DATED this 4 day of January, 2022.

SIMON LAW

**DANIEL S. SIMON, ESQ.**
Nevada Bar No. 4750
**BENJAMIN J. MILLER, ESQ.**
Nevada Bar No. 10406
810 South Casino Center Boulevard
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

SIMON LAW
810 S. Casino Center Blvd.
Las Vegas, Nevada 89101
702-364-1650 Fax: 702-364-1655