1

2

3

4                          UNITED STATES DISTRICT COURT

5                                DISTRICT OF NEVADA

6                                      * * *

7    GEORGE HARRIS,                              Case No.2:23-CV-22  JCM (MDC)
                                                 2
8                              Plaintiff(s),

9          v.                                                 ORDER

10   UNITED STATES OF AMERICA,

11                             Defendant(s).

12

13          Presently before the court is plaintiff George Harris's motion for partial summary

14   judgment. (ECF No. 38). Defendant United States of America filed a response (ECF No. 41), to

15   which plaintiff replied. (ECF No. 43).

16          Also before the court is defendant's motion for partial summary judgment. (ECF No. 39).

17   Plaintiff filed a response (ECF No. 40), to which defendant replied. (ECF No. 42).

18

19   **I.      Background**

20          This action arises out of alleged medical malpractice. The following facts are undisputed.

21   On May 8, 2020, plaintiff went to the North Las Vegas VA Medical Center. (*See* ECF No. 1).

22   Plaintiff completed a bladder scan, and a catheterization was ordered. (*Id*.). Nurse Michael

23   Mallory conducted the catheterization. (*Id*.). During the procedure, the catheter was inserted into

24   plaintiff's prostate. (*Id*.). As a result, he underwent an emergency surgery. (*Id*.).

25

26          The parties dispute whether the catheter was improperly placed into plaintiff's prostate.

27   Defendant contends that catheter migration can occur in the absence of negligence and is an

28   inherent risk of the procedure. (ECF No. 41 at 2). Plaintiff argues that there is no genuine dispute

that the medical professionals deviated from the standard of care, which establishes liability.  (ECF No. 38 at 2).

Plaintiff's complaint alleges four causes of action: (1) medical negligence, (2) intentional infliction of emotional distress ("IIED"), (3) negligent credentialing, hiring, training, supervision, and retention, and (4) medical battery.  (*See* ECF No. 1).  Plaintiff moves for partial summary judgment, arguing that there remains no genuine issue for trial as to liability.  (ECF No. 38).  Defendant moves for partial summary judgment as to plaintiff's second, third, and fourth causes of action.[1]  (ECF No. 39).

## II.    Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits (if any), show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Information may be considered at the summary judgment stage if it would be admissible at trial.  *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001)).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence.  Rather, it draws all inferences in the light most favorable to the nonmoving party.  *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir.1987).

---

[1]  Defendant concedes that there remains a genuine issue for trial as to the first cause of action.

When the non-moving party bears the burden of proof at trial, the moving party can meet its burden on summary judgment in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied, and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.

However, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324. If the nonmoving party's evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).

. . .

. . .

**III.    Discussion**

    A.  <u>Defendant's motion for partial summary judgment</u>

        1.  IIED claim

        To prevail on an IIED claim, plaintiff must prove: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress[,] and (3) actual or proximate causation." *Olivero v. Lowe*, 995 P.2d 1023, 1025-26 (Nev. 2000) (quoting *Star v. Rabello*, 625 P.2d 90, 91-92 (1981)).  Extreme and outrageous conduct is defined as "that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community."  *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998) (internal quotation marks and citation omitted).

        IIED "is a very narrow tort with requirements that 'are rigorous, and difficult to satisfy.'" *Snyder v. Phelps*, 562 U.S. 443, 464 (2011) (Alito, J., dissenting) (quoting W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keeton on Law of Torts § 12, p. 61 (5th ed. 1984)).  Here, plaintiff fails to provide the court with any authority that the medical professionals' conduct could support a claim for IIED.  He relies on conclusory allegations that are unsupported by factual data. *See List*, 880 F.2d at 1045.  Summary judgment is therefore appropriate.

        2.  Negligent training and supervision

        In Nevada, to prevail on a negligent training and supervision claim, plaintiff must prove: "(1) a general duty on the *employer* to use reasonable care in the training and/or supervision of employees to ensure that they are fit for their positions; (2) breach; (3) injury; and (4) causation." *Okeke v. Biomat USA, Inc.*, 927 F.Supp.2d 1021, 1028 (D. Nev. 2013) (*quoting Reece v. Republic Services, Inc.*, Case No. 2:10-cv-00114-GMN-RJJ, 2011 WL 868386, at *11 (D. Nev. Mar. 10, 2011)) (emphasis added).

Defendant argues that plaintiff's third claim is barred under the discretionary function exception.  (ECF No. 39 at 13).  Plaintiff opposes, arguing that the United States could be held liable for negligent supervision and training claims.  (ECF No. 40 at 15).

Plaintiff's claim arises under the FTCA.  "The FTCA provides a limited waiver of the sovereign immunity of the United States for torts committed by federal employees acting within the scope of their employment."  *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000) (citation omitted). However, the FTCA's waiver of sovereign immunity is limited.  *Id.*  If a plaintiff's cause of action falls within one of the FTCA's statutory exceptions to the United States's waiver, the federal courts lack subject matter jurisdiction to hear the claims.  *Id.*

One such exception is the "discretionary function exception," which "precludes claims against the United States which are 'based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion was abused.'"  *Id.* at 1001 (citation omitted).

Claims based on the United States's allegedly negligent employment, supervision, and training of its employees "fall squarely within the discretionary function exception."  *Id.*  Accordingly, the court finds that it lacks subject matter jurisdiction over plaintiff's claim for negligent supervision, and therefore it must be dismissed.  *See Kornberg v. United States*, No. 2:14-cv-2165-JCM-NJK, 2018 WL 5045196, at *5-6 (D. Nev. October 17, 2018).

3.  Medical battery

Plaintiff does not oppose summary judgment as to his third cause of action for medical battery.  Therefore, the court dismisses plaintiff's fourth cause of action.

B.  Plaintiff's motion for partial summary judgment

Plaintiff's medical negligence claim remains.  His motion argues that there remains no

genuine issue for trial as to liability.  (ECF No. 38).  Under Nevada law, a medical malpractice claim requires that a plaintiff establish "(1) that [the defendant's] conduct departed from the accepted standard of medical care or practice; (2) that the [defendant's] conduct was both the actual and proximate cause of the plaintiff's injury; and (3) that the plaintiff suffered damages." *Prabhu v. Levine*, 930 P.2d 103, 107 (Nev. 1996).

"As general rule, a plaintiff must use expert testimony to establish medical malpractice." *Jain v. McFarland*, 851 P.2d 450, 456 (Nev. 1993).  The determination of the competency of an expert witness is within the discretion of the trial court.  *Freeman v. Davidson*, 768 P.2d 885, 887 (Nev. 1989).  However, any expert testimony regarding standard of care and causation must be stated "to a reasonable degree of medical probability." *Morsicato v. Sav-On Drug Stores, Inc.*, 111 P.3d 1112, 1116 (Nev. 2005).

Defendant, as the non-moving party, has met its burden of proving that there remains a genuine issue for trial.  Specifically, whether Nurse Mallory's conduct departed from the accepted standard of medical care or practice.

Dr. Edward Yun, defendant's expert, testified that the placement of a catheter into the prostate can occur in the absence of negligence.  (ECF No. 41 at 2).  Moreover, Nurse Diane Newman testified that such placement is an inherent risk of the procedure, especially in males with an enlarged prostate or benign prostatic hypertrophy.  (*Id.*).  While plaintiff attempts to discredit their testimony, he has failed to properly do so under the Federal Rules of Evidence.

The evidence offered sets forth specific facts that show a genuine issue for trial.  *See Celotex*, 477 U.S. at 324.  Plaintiff's motion for partial summary judgment is denied.

. . .

. . .

- 6 -

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for partial summary judgment (ECF No. 39) be, and the same hereby, is GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion for partial summary judgment (ECF No. 38), be, and the same hereby, is DENIED.

IT IS FURTHER ORDERED that plaintiff's second, third, and fourth causes of action are dismissed.  The case proceeds on plaintiff's first cause of action.

DATED February 12, 2025.

_____
UNITED STATES DISTRICT JUDGE