**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

GEORGE HARRIS,

Plaintiff,

vs.

UNITED STATES OF AMERICA,

Defendant.

Case No.: 2:22-cv-00022-GMN-MDC

**ORDER GRANTING IN PART AND DENYING IN PART STIPULATION**

Pending before the Court is the Stipulation Regarding Admission of Exhibits into Evidence, Sealing of Exhibits, and Admissibility of Present Value Calculations ("Stipulation"), (ECF No. 87), filed by Plaintiff George Harris. The parties have stipulated to (1) the admission of all exhibits into evidence, (2) the sealing of certain admitted exhibits due to "their sensitive and private nature," and (3) the admissibility of the present value calculations of loss of earnings by Plaintiff George Harris's economist Paul Thomas. (Stip. 1:20–24, ECF No. 87).

The Court GRANTS the Stipulation with respect to the admissibility of all exhibits and the present value calculations of loss of earnings performed by Plaintiff's economist Paul Thomas. However, the Court DENIES the Stipulation, in part, with respect to the sealing of certain exhibits.

## I. <u>LEGAL STANDARD</u>

The public has a presumptive right to inspect and copy judicial records and documents. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Consequently, a party seeking to seal a judicial record under Federal Rule of Civil Procedure 26(c) "bears the burden of overcoming this strong presumption." *Id.* The Ninth Circuit has recognized that two different standards may apply when a request to seal a document is made in

connection with a motion—namely the "compelling reasons" standard or the "good cause" standard. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016). The compelling reasons standard applies to any sealing request made in connection with a motion that is "more than tangentially related to the merits of a case." *Id*. at 1099, 1101. Under the good cause standard, a party requesting sealing must show that, for "each particular document" it seeks to seal, "prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). Under the compelling reasons standard, a court may seal a record only if it finds "compelling reasons" to support such treatment and articulates "the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety*, 809 F.3d at 1096–97. Compelling reasons exist when "such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1097 (internal quotations and citations omitted).

The compelling reasons must be "supported by specific factual findings," that outweigh "the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178–79 (internal quotations and citations omitted). The Ninth Circuit has rejected efforts to seal documents under the "compelling reasons" standard based on "conclusory statements about the contents of the documents–that they are confidential" and that, in general, their disclosure would be harmful to the movant. *Id*. at 1182. Furthermore, any "requests to seal documents must be 'narrowly tailored' to remove from the public sphere only the material that warrants secrecy." *Florence v. Cenlar Fed. Sav. & Loan*, No. 2:16-cv-00587, 2017 WL 1078637, at *2 (D. Nev. Mar. 20, 2017) (internal citations omitted). "Trial exhibits may only be sealed for compelling reasons." *O'Bannon v. Nat'l Collegiate Athletic Ass'n*, No. C 09-3329 CW, 2014 WL 12997348, at *1 (N.D. Cal. June 17, 2024) (citing *Kamakana*, 447 F.3d at 1178–79).

## II. **DISCUSSION**

Here, the parties request that the following exhibits be sealed:

- Ex. 1: VA Southern Nevada – Medical Records
- Ex. 2: Mayo Clinic Bills and Medical Records
- Ex. 3: VA Southern Nevada – Radiology
- Ex. 4: Plaintiffs Tax Returns, 2019-2021 (social security and banking information redacted)
- Ex. 6: George Harris Personnel File
- Ex. 7: George Harris W2s and 1099s
- Ex. 20: Photographs of Injury
- Ex. 26: Mark Brown Compensation Records
- Ex. 27: Tony Regno Compensation Records
- Ex. 28: Cory Rosencranse Compensation Records
- Ex. 29: Updated Mayo Clinic Records and Bills
- Ex. 30: Updated VA Southern Nevada Medical Records
- Ex. 32: Updated Mayo Clinic Records and Bills

(Stip. 4:4–22).

In support of that request, the parties argue that the exhibits contain "sensitive and private information regarding Plaintiff's medical condition and treatment along with his financial earnings," as well as "non-party tax records and earnings." (*Id.* 3:14–21). However, these general descriptions of private information are precisely the kind of "conclusory statements" that are insufficient to satisfy the compelling reasons standard. *Kamakana*, 447 F.3d at 1182. In order to satisfy that standard, the parties must present particularized reasons why the information in each identified exhibit outweighs "the general history of access and the

public policies favoring disclosure." *Id.* at 1178–79. The general concerns articulated by the parties will not suffice.

Further, the Ninth Circuit has made clear that the sealing of entire documents is improper when confidential information can be redacted to leave meaningful information available to the public. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see Press-Enter. Co. v. Superior Ct. of California*, 464 U.S. 501, 513 (1984) (sealing orders should be "limited to information that [is] actually sensitive"). While the parties contend that these exhibits should be sealed because they contain the personal and financial information of Plaintiff and non-parties, they do not explain why that information cannot be redacted without sealing each exhibit.

However, the Court agrees that Plaintiff's privacy interest in photographs of his injuries and exposed genitalia is a sufficiently compelling reason to seal the photographs contained in Exhibit No. 20 from public view. Accordingly, the Court GRANTS the Stipulation with respect to the parties' request to seal Exhibit No. 20, but DENIES the Stipulation without prejudice with respect to the parties' request to seal the remaining exhibits. The parties may file another stipulation or a motion to seal containing a particularized explanation of the compelling reasons that exist to seal the remaining exhibits.

## III. CONCLUSION

**IT IS HEREBY ORDERED** that the Stipulation, (ECF No. 87), is **GRANTED, in part, and DENIED, in part.**

**IT IS FURTHER ORDERED** that the Stipulation, (ECF No. 87), is **GRANTED** with respect to the admissibility of all exhibits and the present value calculations of loss of earnings performed by Plaintiff's economist Paul Thomas.

///

///

**IT IS FURTHER ORDERED** that the Stipulation, (ECF No. 87), is **GRANTED** with respect to the parties' request to seal Exhibit No. 20. The photographs of Plaintiff's injury shall be maintained under seal.

**IT IS FURTHER ORDERED** that the Stipulation, (ECF No. 87), is **DENIED without prejudice** with respect to the parties' request to seal Exhibit Nos. 1, 2, 3, 4, 6, 7, 26, 27, 28, 29, 30, 32.

**DATED** this 16 day of October, 2026.

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT